IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome W. James, ) | C/A No. 0:13-1869-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Carl Jones, *FSD*; Manuel Alfas, *FSS*; Jennifer ) | |
| Butler, *FSS*; Annette Chapman, *FSS*; Vernon ) | |
| Gore, *FSS*; Earnest Deloach, *FSS*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Jerome W. James ("James"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss or, in the alternative, for summary judgment. (ECF No. 35.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised James of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 36.) James filed a response in opposition (ECF No. 38),[1] and the defendants replied (ECF No. 40). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

---

[1] James was given the opportunity to supplement his response in opposition (ECF No. 42), and he subsequently filed two supplements to his response in opposition. (ECF Nos. 45 & 47.)

**BACKGROUND**

James, who is incarcerated at Lieber Correctional Institution, alleges that since he requested a "no-meat" diet in February 2013, he has not been receiving the proper amount of food and has not been receiving the correct foods. (ECF No. 1 at 3.) He alleges that the food that is provided lacks variety, is overcooked, and is spoiled, and that the food and lack of nutrition has made him sick several times. (Id. at 3-4.) He seeks damages and injunctive relief. (Id. at 5.)

**DISCUSSION**

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious



case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz, 405 U.S. 319, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion of Administrative Remedies**

The defendants move for dismissal on the ground that James failed to exhaust his administrative remedies before filing the instant lawsuit. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when

a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to South Carolina Department of Corrections policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the next required step is to appeal to the warden of his facility via a "Step 2 Grievance."

The defendants argue that, as shown by the attachment to James's Complaint, James prematurely filed the instant lawsuit in that he filed a Step 1 grievance, but upon receiving a response to that grievance, failed to file a Step 2 grievance regarding the allegations in his Complaint. (Def.'s Mem. Supp. Mot. Dismiss or Mot. Summ. J., ECF No. 35 at 4.). In response, James avers that he filed numerous Requests to Staff regarding the alleged issues with his meals. (James Aff., ECF No. 38-1 at 1.) In support of this statement, James has submitted approximately five Requests to Staff and two Step 1 grievances to his Complaint. (See ECF Nos. 1-1, 1-2, 38-2, 38-3, & 45-1.) However,

James does not dispute that he failed to appeal either of the Step 1 grievances and file a Step 2 grievance. It is therefore clear from the plaintiff's filings and the defendants' showing that James failed to fully and properly exhaust his administrative remedies before filing this matter. See, e.g., Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (collecting cases and recognizing "the holdings of many of our sister circuits that permitting exhaustion pendente lite undermines the objectives of section 1997e(a) and that the language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur"). Accordingly, the defendants are entitled to dismissal without prejudice based on James's failure to exhaust properly his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before commencing this lawsuit.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion (ECF No. 35) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 12, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).