**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| JEROME W. JAMES, | ) | |
| | ) | No. 0:13-cv-1869-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CARL JONES, *FSD*; MANUEL ALFAS, *FSS*; JENNIFER BUTLER, *FSS*; ANNETTE CHAPMAN, *FSS*; VERNON GORE, *FSS*; and EARNEST DELOACH, *FSS*, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's report and recommendation ("R&R") that the court grant defendants' motion for summary judgment. Plaintiff Jerome W. James ("James"), an inmate who alleges defendants violated his constitutional rights, filed written objections to the R&R. For the reasons set forth below, the court adopts the R&R and grants the defendants' motion for summary judgment.

## I. BACKGROUND

James is an inmate within the South Carolina Department of Corrections ("SCDC") who is currently incarcerated at the Lieber Correctional Institution in Ridgeville, South Carolina. While being housed in the Special Management Unit, James requested a "no meat" diet. Compl. 3. He alleges that since his request, he has been receiving neither the proper amount of food nor the correct food. Id. James alleges that the food provided lacks variety, is often overcooked or spoiled, and has made him sick on

1

numerous occasions. Id. at 3-4. James says that these conditions have forced him to often go days without eating. Id. at 4.

Jones filed the present action on July 7, 2013, pursuant to 42 U.S.C. § 1983, claiming that defendants violated his First, Eighth, and Fourteenth Amendment rights. On January 17, 2014, defendants filed a motion to dismiss, or in the alternative, for summary judgment. The magistrate judge issued an R&R on May 12, 2014, recommending that the court grant defendants' motion. Plaintiff filed objections to the R&R on May 23, 2014. The matter is ripe for the court's review.

## II. STANDARD OF REVIEW

### A. Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

### B. Pro Se Plaintiff

Plaintiff proceeds pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id. Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### C. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

## III. DISCUSSION

James objects to the magistrate judge's finding that he failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C.

§ 1997e(a).  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Additionally, a prisoner must exhaust administrative remedies even when the prisoner seeks remedies, such as money damages, that are not available in administrative proceedings.  Booth v. Churner, 532 U.S. 731, 740-41 (2001).  The remedies available "need not to meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739).  Satisfaction of exhaustion also requires "using all steps that the agency holds out, and doing so properly."  Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citing Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  Accordingly, "it is the prison's requirements, and not the [PLRA], that define the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 218 (2007).  Defendants have the burden of establishing that a plaintiff has failed to exhaust his administrative remedies.  Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to the SCDC Inmate Grievance Procedure, an inmate seeking to complain of prison conditions must first

> make an effort to informally resolve a grievance by either submitting a Request to Staff Member Form or discussing it with the appropriate staff member.  If informal resolution is not possible, the inmate then completes a Form 10-5, also known as a Step 1 Grievance, and submits it to the employee designated by the warden within fifteen days of the alleged incident.  If the inmate is not satisfied with the decision, he may appeal to the Division Director of Operations.  The appeal is accomplished by completing a SCDC Form 10-5a, also known as a Step 2 Grievance and submitting it and the Step 1 Grievance to the Institutional Inmate Grievance Coordinator within five days of the receipt of the response. The responsible official renders a final decision which is SCDC's final

> response. An inmate who wishes to appeal the decision has thirty days to appeal to the South Carolina Administrative Law Court ("ALC").

McDowell v. Ozmint, No. 12-cv-2799, 2011 WL 2731202, at *2 (D.S.C. Nov. 5, 2011) (citations omitted); see also Malik v. Ward, No. 8:08-cv-1886, at *2 n.4 (D.S.C. Mar. 26, 2010) ("The Court may take judicial notice of the SCDC grievance process.").

James contends that he exhausted his administrative remedies. Pl.'s Objections 1-4. James filed a Step 1 Grievance on February 7, 2013. Pl.'s Objections Ex. A. When the form was returned to James, under "Action Taken By IGC [Inmate Grievance Coordinator]," the form stated "Resolved on 03-20-13 per Ms. Smith, Support Service Division." Id. James checked a box at the bottom of the form, which says "I do not accept the action taken and wish to appeal." Id. James has not provided any evidence that he actually appealed the Step 1 Grievance. On March 26, 2013, James filed another Step 1 Grievance. Pl.'s Objections Ex. B. Under "Action Taken by IGC," the form indicated that the grievance was being returned "unprocessed" since the "issue was resolved on 3/20/13 and 3/22/13." Id. On the bottom of the form, James appears to have checked both the box indicating that he does not accept the action taken and wishes to appeal as well as the box stating "I accept the action taken by the IGC and consider the matter closed." Id.

James argues that once the first grievance was considered resolved, "there was nothing else plaintiff could do administratively." Pl.'s Objections 3. However, "Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes Step 2 of the SCDC Grievance Procedure." Penza v. Patterson, No. 8:10-cv-2361, 2011 WL 5869748, at *6 (D.S.C. Oct. 26, 2011), adopted by 2011 WL 5875001 (D.S.C. Nov. 21, 2011). "Hence, within this District, an inmate's

claim is barred unless he completes Step 2 of the SCDC grievance procedure with respect to that claim." Id.  James does not dispute that he failed to appeal either of the Step 1 Grievances and that he never filed a Step 2 Grievance.  It is clear that James failed to fully exhaust his administrative remedies and that the present action is barred.  Therefore, the court adopts the R&R and grants defendant's motion for summary judgment.  See Frierson v. Hankins, No. 4:09-cv-692, 2010 WL 3282600, at *5 (D.S.C. July 26, 2010), adopted by 4:09-cv-692, 2010 WL 3291836 (D.S.C. Aug. 19, 2010) (granting summary judgment because plaintiff had not shown that he "completed the grievance process by correctly and timely refiling the Step One Grievances or by appealing the decision and filing a Step Two Grievance").

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R and **GRANTS** defendants' motion for summary judgment.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 5, 2014**
**Charleston, South Carolina**